

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Overruled by V-603
insofar as it conflicts.

State Board of Education
Austin, Texas

Gentlemen:

Attention: Mr. Matt Graham
Traveling Auditor

Opinion Number O-5715
Re: Under the given facts, does
the State Board of Education
have the authority to approve
the application for the pre-
payment of bonds issued to
Mattson RHSD No. 46, Haskell
County?

We are in receipt of your letter requesting an opinion from this department, which letter is as follows:

"On April 24, 1943, the State Treasurer received an application from Mattson RHSD No. 46 (Haskell County) for permission to retire $600 in bonds out of its 9/1/37 Issue on September 1, 1943, the interest paying date, in accordance with the provisions of Article 2787a, Revised Statutes of 1925.

"This office received from the State Treasurer a letter under date of October 21, 1943, in which the application above described was enclosed, stating that the application was filed in that office in error and asking that it be submitted to the State Board of Education for approval.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"The application was considered by the State Board of Education in session November 6th, and in view of the fact that the money for the retirement of the bonds was not in the office of the State Treasurer on September 1st, the Board wishes to be advised whether it has authority to approve the application for the prepayment of the bonds as of that date."

Replying to the above question, you are advised that Article 2787a, Vernon's Statutes, reads as follows:

"The State Board of Education may authorize the trustees of any common school district or of any independent school district of this State to pay off and discharge, at any interest paying date whether the bonds are matured or not, all or any part of any bonded indebtedness now owned or hereafter to be owned by the State Permanent School Fund, outstanding against any common school district, or any independent school district in this State.

"It shall be the duty of the school trustees of any common school district, or any independent school district of this State desiring to pay off and discharge any bonded indebtedness now owned or hereafter to be owned by the Permanent School Fund of this State, outstanding against such district or districts, before maturity thereof, to make direct application in writing to the State Board of Education at least thirty days before any interest paying date on said bonds, making known to said State Board of Education the desire of said trustees to pay off and discharge said bonded indebtedness, or any part thereof, describing said bonds or the part thereof that the trustees desire to pay off and discharge; and it shall be the duty of the State Board of Education upon receipt of such application to act thereon in such manner as they deem best and notify the applicant

or applicants whether the application is re-
fused or granted in whole or in part; provided,
that only such tax money as has been collected
by virtue of tax levies made for the specific
purpose of providing a sinking fund and paying
interest on the particular bonds to be redeemed
shall be expended in the redemption, taking up,
or paying off of such bonds as provided in this
Act; unless said bonds are being redeemed for
the purpose of being refunded; and the applica-
tion of the board of trustees of any common or
independent school district desiring to retire
bonds as herein provided shall include an affi-
davit to that effect in their application; and
provided further, that it shall be unlawful for
any person upon whom any duty rests in carrying
out the provisions of this law to give or re-
ceive any commission, premium, or any compensa-
tion whatever for the performance of such duty
or duties.

"The provisions of this Act shall apply also
to the governing boards of all cities, counties
and political subdivisions in this State whose
bonds are owned or may hereafter be owned by the
Permanent School Fund of the State."

From your statement of facts it appears that the ap-
plication to the State Board of Education was mailed to the
State Treasurer while the law requires the governing body of
the school district "to make direct application in writing to
the State Board of Education at least thirty days before any
interest paying date on said bonds * * *." The fact that no
such application in writing was made to the State Board of
Education thirty days prior to September 1, 1943, the interest
paying date, and the further fact that no funds had been sent
to the State Treasurer on or prior to said date with which to
redeem the bonds, constitute such failure on the part of the
district to comply with the provisions of Article 2787a, as in
our opinion, would deprive the Board of Education of the power
to approve the application. An application sent to the State

State Board of Education, page #4

Treasurer is not an application to the State Board of Education.

APPROVED DEC 1, 1943

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

C. P. Jiuson
Assistant

CKO—s
OK.T.B.DJ.

APPROVED
OPINION COMMITTEE
BY CHAIRMAN
BWT